IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL GEROD MCGREGOR, | ) |
| A/K/A Michael Gerard McGregor, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:15-CV-2975-B |
| | ) |
| DALLAS COUNTY, | ) |
| Defendant. | ) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

I.

Plaintiff is a state prisoner confined in Gatesville, Texas. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendant is Dallas County. Process has not issued pending judicial screening.

Plaintiff claims he has copyrighted his name "Michael Gerard McGregor," and that Dallas County has violated that copyright by publishing his name. He seeks to enjoin Dallas County from publishing his name. He also seeks money damages and an order that Dallas County deliver or destroy all copies of his name.

II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

**Findings and Conclusions of the**
**United States Magistrate Judge**             Page -1-

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

### III.

Plaintiff claims he copyrighted his name and that Defendant has violated that copyright. The Fifth Circuit has determined, however, that a person's name is not in itself copyrightable under the Copyright Act, 17 U.S.C. § 301. *See Brown v. Ames*, 201 F.3d 654, 658 (5th Cir. 2015). Plaintiff's claims are therefore without merit and should be dismissed.

### IV.

The Court recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§

1915A and 1915(e).

    Signed this ___ day of February, 2016.

                                                                      PAUL D. STICKNEY
                                                                      UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).